CASE NO. 22-16881

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DANIEL MARTIN, Plaintiff-Counter-Defendant-Appellant

v.

CLARK COUNTY, *et al*., Defendant-Counter-Claimant-Appellees

On Appeal from the United States District Court for the District of Nevada
Case No. 2:19-cv-01623-APG-DJA Honorable Andrew P. Gordon

# **APPELLANT'S REPLY BRIEF**

James P. Kemp, Esq.
Nevada Bar No. 6375
KEMP & KEMP
7435 West Azure Drive, Suite110
Las Vegas, NV  89130
(702) 258-1183
Attorney for Appellant

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES...…………...…………………………………......iii

REPLY ARGUMENT……………………………………………………………. 1

  I. **THIS COURT REVIEWS SUMMARY JUDGMENT DE NOVO**…….1

 II. **THIS CASE IS IMPACTED BY THE RECENT DECISION IN *YOSHIKAWA v. SEGUIRANT*** …………………………………………..10

III. **DANIEL PRIMARILY STANDS ON THE ARGUMENTS IN HIS OPENING BRIEF**………………………………………………………11

CONCLUSION…………………………………………………………….. 13

CERTIFICATE OF COMPLIANCE…………………………………………. 14

# **TABLE OF AUTHORITIES**

**Cases**

*Herren v. LA PETITE ACADEMY, INC.*, No. 22-11499, Non-Argument Calendar (11th Cir. July 28, 2023)..................................................................................9

*Hopkins v. Bd. of Educ. of City of Chicago*, 73 F.Supp.3d 974, 984 (N.D.Ill 2014) ...............................................................................................................11

*Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)..................................................1

*McINTOSH v. City of North Las Vegas*, Case No.: 2: 21-cv-01505-APG-EJY (D. Nev. July 28, 2023)..................................................................................11

*National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 115-116, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). ......................................................12

*Schnidrig v. Colombia Mach., Inc.*, 80 F.3d 1103, 1112 (9th Cir. 1996)..................1

*YOSHIKAWA v. SEGUIRANT*, No. 21-15970 (9th Cir. July 25, 2023). ..................10

**Statutes**

42 U.S.C. § 1981 ......................................................................................................10
42 U.S.C. § 1983 ......................................................................................................10

**Rules**

FRCP Rule 26 ............................................................................................................4
FRCP Rule 37(c)(1) ..............................................................................................3, 6
LR 7-2(b)....................................................................................................................7

# REPLY ARGUMENT

## I. THIS COURT REVIEWS SUMMARY JUDGMENT DE NOVO.

The Appellees ignore the mandate of the *de novo* standard of review for summary judgment decisions. *Schnidrig v. Colombia Mach., Inc.*, 80 F.3d 1103, 1112 (9th Cir. 1996). On appeal, the Court views the evidence in the light most favorable to the nonmoving party and determines whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). The District Court failed to view the evidence in the light most favorable to Daniel. This case also illustrates a weakness and flaw in summary judgment procedure that must be taken into account and the District Court failed to do so.

In the case below, Daniel's counsel obtained a declaration, dated March 12, 2021, from his former co-workers Joseph Whitaker, a previous DJJS Juvenile Probation Officer, like Daniel. (2-ER-150-157) The declaration was obtained from Whitaker, who IS identified as a potential witness in Daniels Rule 26 initial disclosures, specifically for the purpose of opposing the Appellees' summary judgment motion. Whitaker is white. (2-ER-152) In that declaration Whitaker noted that he had engaged in similar acts of leaving to get food between shifts when working a double shift and that he had not been disciplined for it. (2-ER-157) This information was not known at the time that Daniel completed the

interrogatory answers on February 3, 2020, nearly a year prior to the Whitker declaration. (3-ER-336-346) Plaintiff was simply unaware until the declaration that Whitaker could testify to this issue. Whitaker also noted that the leaving to get food was a common and accepted practice and that the only way someone would get in trouble over it was if management was out to get that person. (2-ER-157) Many other employees of DJJS would do this when working double shifts. It was open and obvious because they would, just as Daniel did in this case, return to work and be present in the workplace with bags of food and drink cups that displayed the logos of fast-food restaurants. Nobody hid this; it was no secret. It was a known and accepted practice. (Id.) If it violated any policy or rules it was selectively enforced, in Daniel's case for reasons of discrimination or retaliation. A reasonable jury could make this finding. In other words, the enforcement of any such policy was pretextual because it was not enforced except when the employer was out to get somebody. (2-ER-157)

After the Whitaker declaration was filed with Daniel's summary judgment opposition, it was only in Appellee's Reply to the Opposition (ECF No. 59 at fn 1) that it was pointed out that Joseph Whitaker was not someone who had been listed as a person "similarly situated to [Daniel] and was treated more favorable by the County" in answer to Interrogatory No. 2 from over a year before Whitaker came forward with his declaration. This was several months after formal discovery had

ended. Again, Whitaker was listed as a witness in initial disclosures. That is undisputed. At the Appellees' urging the District Court excluded Whitaker as a comparator under FRCP Rule 37(c)(1). This ruling does not take into account what the actual answers to the interrogatory stated:

PRELIMINARY STATEMENT

This Responding Party has not fully completed discovery in this action. All of the answers contained herein are based only upon such information and documents presently available to and specifically known by this Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, and establish entirely new factual conclusions and legal change and, variations from the contentions herein set forth. The following responses are given without prejudice to the Responding Party's right to produce evidence of any subsequently discovered fact or facts which this Responding Party may later develop. The responses contained herein are made in good faith based upon factual information presently known. They should in no way be used to the prejudice of the Responding Party in relation to further discovery, research, analysis or proof.

Except for facts expressly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that any Request herein has been answered should not be taken as an admission or a concession of the existence of any fact set forth or assumed. All answers must be construed as given on the basis of

present recollection. Witnesses identified and Documents produced are intended to be and shall be construed as supplemental disclosures pursuant to FRCP 26.

(3-ER-336)

**INTERROGATORY NO. 2:**

Identify each and every person that you contend was similarly situated to you and was treated more favorable by the County.

**ANSWER NO. 2:**

To the best of Plaintiff's knowledge and recollection at this time the following: Chris Stanek, James Webb, David Carlise, Marcus McAnally, Robert Chiodini, Sherry Sovereign, Brian Conway, Kevin Niday were all similarly/worse situated to me and were all treated more favorably by the County.

(3-ER-337)

Accordingly, at the time that Daniel answered the Interrogatories he made it clear that the answers were made based only on the information and facts that he had at that time. The information in Whitaker's declaration made over a year later was not something that Daniel knew at the time of the Interrogatories. Thus, because he could not discloses what he did not know, he did not "fail" to disclose the information contained in Whitaker's declaration.

Rule 37 (c)(1) of the Federal Rules of Civil Procedure states as follows:

4

(c) FAILURE TO DISCLOSE, TO SUPPLEMENT AN EARLIER RESPONSE, OR TO ADMIT.

> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Rule 26(a) has to do with initial disclosures and Whitaker was disclosed as a witness in Daniel's initial disclosures. Rule 26(e) of the Federal Rules of Civil Procedure states in relevant part as follows:

> (e) SUPPLEMENTING DISCLOSURES AND RESPONSES.
>
> (1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.
>
> …

First, the "incomplete or incorrect" information in the response to Interrogatory No. 2, which was not learned during the discovery process, was in fact provided in

5

writing to the Defendant/Appellees before trial in the declaration produced in the summary judgment process. This is commonly done. Not every witness is deposed or interviewed during discovery and information that they have is often produced in further litigation and motion practice. That is what happened here. It was not nefariously hidden or kept from Defendant/Appellees. It was provided in the declaration on March 12, 2021, THE VERY SAME DAY as it was learned from Joseph Whitaker in his declaration. Daniel did not know prior to that all of what Whitker would say and the Defendant was provided with the declaration the day it was obtained. It was made known in writing as specified in the Rule.

Second, FRCP Rule 37(c)(1) "…the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In this case the argument and the court's decision on this matter was made only in and after Defendant's Reply. Daniel had no opportunity to be heard on the matter and the fact that he did not know about Whitaker's declaration information until he obtained the declaration substantially justified his failure to disclose it a year earlier during discovery. It was plain error for the District Court to not hold a hearing or request further briefing about the circumstances and whether or not the failure was substantially justified or harmless. This illustrates a flaw in summary judgment procedure because the plaintiff gets no opportunity to respond to the

6

defendant's arguments made in its reply papers related to evidentiary objections. Sur-replies are strongly discouraged in the District of Nevada's LR 7-2(b). As in this case hearings on dispositive motions are often not held even if oral argument is requested. Thus, Daniel had no opportunity to demonstrate to the court that the failure to provide Whitaker's declaration information was substantially justified and that it was disclosed to the Defendant the very day that it was received.

But in any event Whitaker was not the only witness who identified other white employees who were treated more favorably than Daniel, a black employee. The District Court clearly erred where it discounted other individuals identified by Audrei Parker in her declaration. (1-ER-020) Parker avers in her declaration that she has personal knowledge of the facts that she relays. (2-ER-139-144) She identified specific white employees that she had knowledge engaged in exactly the same conduct with respect going to get food in the middle of a double shift without repercussions and that based on her personal knowledge, having worked at DJJS for OVER TEN YEARS that no other employees other than Daniel Martin had been disciplined or fired for this exact same conduct. (2-ER-144) The District Court failed to view this evidence in the light most favorable to Daniel. The District Court engages in improper weighing of the evidence and making credibility determinations in discounting the declarations proffered by Daniel that support his theory of the case. (2-ER-139-173) These are grossly improper

7

violations of the summary judgment standard. The declarations are compelling. That Appellees did not bother to depose these identified witnesses is not Daniel's fault. Summary judgment should be reversed.

Likewise, Daniel repeatedly denies having been insubordinate to his supervisor with respect to his working at the front of the serving line in the dining hall. (2-ER-166, 167) He asserts, and Audrei Parker corroborates that it was Jesse Navarro who was at the head of the line and failed to read from the list when the diabetic child was given the wrong tray in August 2017. (2-ER-165-166; 2-ER-143)

And, Daniel makes clear that he did not lie or deliberately misrepresent ANY INFORMATION in the ensuing investigation. (2-ER-167-169) Daniel notes that he had worked the front of the line for over a decade, more than 5,000 times, and it would be impossible for him to have specific recollection of one specific time. (2-ER-167-168) The event with the diabetic youth happened on August 24, 2017. Daniel was not interviewed until October 19, 2017 (and more occasions thereafter). (2-ER-167) So this was nearly two months after the event in question. Daniel was apparently not asked to write any report or memorialize his recollection closer in time. Daniel was not shown the available video footage of the events to refresh his recollection and a reasonable jury could determine that this was done purposely with the hope by Appellees that he would trip up and say something

wrong based on his lack of clear memory after the passage of time. The standard jury instructions used by Judge Gordon, the District Judge in this case, includes the following:

> Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony

Standard-Jury-Instructions-for-Civil-Trials-APG.pdf (uscourts.gov)

A reasonable jury following this common instruction could conclude from the evidence that Daniel did not lie or misrepresent what he told the investigators. (See his declaration at 2-ER-167-169)

Appellees invoke the so-called "honest belief doctrine" to support their contention that they honestly believed that Daniel lied and was dishonest in the investigation. This pernicious doctrine is inconsistent with the summary judgment standard, but also "honest belief" or "good faith" is an ***affirmative defense*** that it is incumbent upon a defendant to prove at trial. In the summary judgment context, courts have held that in order to grant summary judgment to a defendant on an affirmative defense the defendant must prove that the affirmative defense is established "***beyond dispute***." *Herren v. LA PETITE ACADEMY, INC*., No. 22-11499, Non-Argument Calendar (11th Cir. July 28, 2023) (affirmative defense in FMLA case that employer would have fired employee for reasons unrelated to the

9

leave was not shown to be beyond dispute so that summary judgment was improper on that basis). Appellees in this case have not demonstrated that their affirmative defense is beyond dispute. Summary judgment invoking the "honest belief" doctrine is improper. Daniel has presented evidence upon which a reasonable jury could believe that the Appellees did not have an honest belief that Daniel had been dishonest. He was sandbagged and subjected to an unfair memory contest and Appellees knew that. Indeed a reasonable jury could find that they intended that because they were retaliating against Daniel.

## II. THIS CASE IS IMPACTED BY THE RECENT DECISION IN *YOSHIKAWA v. SEGUIRANT*

On July 25 of this year, not two months ago, this court issued an *en banc* opinion in *YOSHIKAWA v. SEGUIRANT*, No. 21-15970 (9th Cir. July 25, 2023). In that case this court overruled decades old precedent. The court held that state actors, such as the Appellees here, cannot be held liable under 42 U.S.C. § 1981. Instead the proper cause of action is pursuant to 42 U.S.C. § 1983 utilizing Section 1981 as the substantive law for the Section 1983 violation. In *Yoshikawa* this court held that it was unfair to a plaintiff who had relied on prior precedent to be precluded from pursuing a case under Section 1983 based on this new caselaw without affording the plaintiff an opportunity to amend his pleading to raise a Section 1983 claim and this court remanded the matter to the district court with instructions to provide that opportunity.

Three days after the *Yoshikawa* case was decided, on July 28, 2023, Judge Gordon, the District Judge in this matter, followed *Yoshikawa* in the case of *McINTOSH v. City of North Las Vegas*, Case No.: 2: 21-cv-01505-APG-EJY (D. Nev. July 28, 2023) and permitted North Las Vegas Police Officer McIntosh to amend his complaint to raise a Section 1983 claim. Consistent with these two cases, and in the interests of justice and fairness this court should likewise remand this matter with instructions to permit Daniel to amend his complaint to raise a Section 1983 claim. Obviously, this new precedent was decided after the briefing in the present case.

### III. DANIEL PRIMARILY STANDS ON THE ARGUMENTS IN HIS OPENING BRIEF

On the remainder of the issues, Daniel primarily stands on the arguments set forth in his opening brief. However, one thing is that not all courts that have considered the ability of a plaintiff to rely on time-barred and facts that were subject to a settlement agreement could not be used as background information. In *Hopkins v. Bd. of Educ. of City of Chicago*, 73 F.Supp.3d 974, 984 (N.D.Ill 2014) the court ruled that indeed the events prior to the settlement agreement COULD NOT be used as a basis of liability for the claims, but they could be used as background information. That is all that Daniel has ever argued in this case. The events prior to the settlement agreement are all TIME BARRED. By definition

11

there can be no liability based upon those events. Daniel does not and has not sought liability on those time barred events that were before the settlement agreement. Using them as background does not violate the agreement. They are background facts only. This is similar to the use of time barred facts in *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 115-116, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). Where the events and facts are time barred they literally cannot be the basis for liability. Daniel only sought to use them as background. He seeks liability on what happened after the settlement agreement when he was harassed, discriminated against, and retaliated against during that post-settlement time period. Accordingly, this does not breach the settlement agreement. It violates public policy to utilize a settlement agreement to attempt to immunize subsequent violations of Title VII by an employer. Making that the law creates a disincentive to settlement of disputes, particularly for employees who continue to be employed or are reinstated as a result of the settled dispute.

Finally, read the Declarations of Daniel Martin, Audrei Parker, Joseph Whitker, and William Brown. There is evidence that the District Court ignored, improperly weighed, or minimized contrary to its duty under the summary judgment standard. There is evidence to support Daniel's claims. A reasonable jury could find in Daniel Martin's favor.

Summary Judgment should be reversed.

## **CONCLUSION**

Daniel Martin presented sufficient evidence to raise genuine issues of material fact on his claims. Summary judgment for Defendants was improper in this case. Further the court below erred in finding liability against Daniel on Clark County's breach of contract claim (even though only $1.00 of damages was found) The judgment and order of the District Court should be reversed and this matter remanded for trial on Daniel's claims.

Date: September 11, 2023

/s/ James P. Kemp
James P. Kemp, Esq.
Nev. Bar No. 6375
Kemp & Kemp
7435 W. Azure Drive, Ste. 110
Las Vegas, NV 89130
Attorney for Appellant Daniel Martin

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** _____22-16881_____

I am the attorney or self-represented party.
**This brief contains** _____3,022_____ **words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).
I certify that this brief *(select only one)*:

[ X ] complies with the word limit of Cir. R. 32-1.

[  ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[  ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[  ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[  ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
   [  ] it is a joint brief submitted by separately represented parties;
   [  ] a party or parties are filing a single brief in response to multiple briefs; or
   [  ] a party or parties are filing a single brief in response to a longer joint brief.

[  ] complies with the length limit designated by court order dated _____.

[  ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** _____/s/ James P. Kemp_____ **Date** _____**September 11, 2023**____
*(use "s/[typed name]" to sign electronically-filed documents)*

14